

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00546-CR

Joshua **TRUJILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR3933
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: October 16, 2024

DISMISSED

Pursuant to a plea-bargain agreement, appellant Joshua Trujillo pled nolo contendere to one count of aggravated assault with a deadly weapon and, in accordance with the terms of his plea-bargain agreement, was placed on deferred adjudication community supervision. On July 17, 2024, the trial court signed a certification of defendant's right to appeal stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Trujillo filed a notice of appeal, the trial court clerk sent copies of the certification and notice of

appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). "[I]n a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision." *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Thus, Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure "will restrict appeal . . . when the defendant appeals his placement on deferred adjudication community supervision pursuant to the original plea." *Id.* "Under this circumstance, the trial judge certifying the defendant's right of appeal may designate the case on the certification form as 'a plea-bargain case, and the defendant has NO right of appeal.'"[1] *Id.*

Here, the clerk's record, which contains a written plea-bargain agreement, establishes that—in placing Trujillo on deferred adjudication community supervision—the trial court complied with the plea-bargain agreement. *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record does not include a written motion filed and ruled upon before trial, nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and Trujillo does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

---

[1] However, the defendant may still appeal matters raised by written motion filed and ruled upon before his placement on deferred adjudication or after obtaining the trial court's permission to appeal. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006); *see also* TEX. R. APP. P. 25.2(a)(2).

On September 18, 2024, we informed Trujillo that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended trial court certification showing that Trujillo has the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, no pet.). On October 3, 2024, Trujillo's court-appointed appellate counsel filed a response stating Trujillo has no right to appeal and conceding this appeal should be dismissed. Further, a supplemental clerk's record has been filed in this court containing an order denying Trujillo's motion to amend the trial court certification. Accordingly, this appeal is dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

DO NOT PUBLISH